ARTHUR BRISBANE

*v.*

JAMES A. SULLIVAN et al.

[Submitted March 8th, 1922.   Decided March 28th, 1922.]

1. Persons who are not parties or privies to a contract cannot be made parties defendant in a suit for specific performance thereof.

2. The court of chancery, in a suit for specific performance of a contract to convey land, has no jurisdiction to inquire into the alleged invalidity of a tax title, on the determination of which issue the *quantum* of the defendants' estate depends.

---

On bill, &c.

*Messrs. Cohn & Cohn* and *Mr. Robert H. McCarter*, for the complainant.

Mr. Randolph Perkins and Mr. John F. Drewen, Jr., for the defendants Sullivan.

Mr. Thomas J. Brogan, for mayor and aldermen of Jersey City.

GRIFFIN, V. C.

The amended bill in this cause is filed for the specific performance of a contract entered into between the defendant James A. Sullivan and one Bennett Milnor, dated the 19th day of July, 1910. Milnor assigned to the complainant. The title to the premises, at the time of the making of the contract, stood in the name of Ella J. Sullivan, who took title not for herself, but for her brother, the defendant James A. Sullivan, who advanced the purchase-money.

Prior to the date fixed for the passing of title certain alleged defects appeared therein, and Sullivan, being unable to clear up these defects to the satisfaction of either party, the complainant shortly thereafter filed his bill in this court, making Ella J. Sullivan and James A. Sullivan defendants.

It appears that Thomas H. N. Wilks died, on or about the 8th day of July, 1889, seized of the premises in question, leaving a last will and testament, wherein he devised to his adopted daughter, Dora Elcina Wilks, all of his real estate of which he might die seized, for life, and, upon her death, gave and devised the same to the heirs of her body born in wedlock, and if she should die without leaving lawful issue, then over. Dora married one Kastenhuber, and has two infant children living. From the decree of Vice-Chancellor Howell on the original bill an appeal was taken to the court of errors and appeals, and Mr. Justice Bergen, who wrote the opinion (Brisbane v. Sullivan, 86 N. J. Eq. 411), said: "After the death of testator she neglected to pay the taxes assessed against the property and it was sold for their payment. At the sale, one Dieffenbach became the purchaser, to whom a deed was made for the lands by the municipality making the sale. Dieffenbach then conveyed the land to the husband of the life tenant, and he, by a deed, in which his wife, Dora, joined, to one Billington, and he to Ella

J. Sullivan in trust for James A. Sullivan. All the deeds, subsequent to that of the city, contained full covenants with warranty, and each undertook to convey a title in fee-simple. * * * After the making of this contract, the complainant had the title examined by a title guaranty company, which reported to him that the proceedings which resulted in the tax sale were irregular, and that the tax deed passed no estate, whereupon the complainant refused to take the title unless this alleged defect was removed, and this not being done, he filed his bill of complaint for the specific performance of the contract." It will be perceived from this, that if the view of the title company is correct, then the only title which passed to Ella J. Sullivan was that derived from the deed made by William P. Kastenhuber and Dora, his wife, she being the life tenant. Thus, the principal question to be solved in this title is whether this tax deed is void; and Vice-Chancellor Howell so decreed, and ordered that the Sullivans convey to the complainant their right, title and interest in the premises, with an abatement of the consideration according to the difference between the value of a fee and a life estate. This decree was reversed. Mr. Justice Bergen, in the opinion just referred to said that the complainant, under a prayer for general relief "asked for and obtained a decree that the vendor should convey through his trustee, who is a defendant, all his interest, whatever it may be, with an abatement of the consideration price based upon the inefficacy of the tax sale deed, which is not set aside by the decree and cannot be for want of proper parties."

After the dismissal of the bill, the complainant filed his amended bill, seeking to overcome the objection above stated by Mr. Justice Bergen touching the want of parties, making Charles R. Dieffenbach, James Billington and wife, William P. Kastenhuber and Dora E., his wife, Ella J. Sullivan, James A. Sullivan, Jennie Turner and the mayor and aldermen of Jersey City, parties to the suit, and subsequently amended his bill by offering to accept a life estate with an abatement of compensation for the difference in value, if any, between a life estate and a fee-simple in said premises, and making Ruth W. Kastenhuber and Grace R. Kastenhuber, children of Dora, parties defendant in the cause.

At the trial of the cause the printed book containing the state of the case in the court of errors and appeals in the prior suit was offered in evidence, and some additional evidence was taken to prove that the complainant required the property for a special and unusual reason which would put the case out of the ordinary class.

The first point to be considered is whether, in a bill for specific performance, the complainant may make defendants persons who were not parties or privies to the contract.

In *Bacot* v. *Wetmore, 17 N. J. Eq. 250,* Chancellor Green held, "to a common bill for the specific performance of a contract of sale, the parties to the contract are the only proper parties." Citing *Robertson* v. *Great Western Railway Co., 10 Sim. 314; Wood* v. *White, 4 Myl. & Cr. 460; Fry Spec. Perf.* § *79,* to which I may add *Tasker* v. *Small, 3 Myl. & Cr. 63; 40 Eng. Rep. 848; Willard* v. *Tayloe, 8 Wall. 571; Pom. Cont.* § *483 p. 557* (bottom of page).

In *Tasker* v. *Small, supra,* Lord-Chancellor Cottenham said (at *p. 68*): "It is not disputed that, generally, to a bill for specific performance of a contract of sale the parties to the contract only are the proper parties; and when the ground of the jurisdiction of courts of equity in suits of that kind is considered it could not properly be otherwise. The court assumes jurisdiction in such cases because a court of law, giving damages only for the non-performance of the contract, in many cases does not afford an adequate remedy. But, in equity, as well as at law, the contract constitutes the right, and regulates the liabilities of the parties; and the object of both proceedings is to place the party complaining as nearly as possible in the same situation as the defendant had agreed that he should be placed in. It is obvious that persons, strangers to the contract, and therefore neither entitled to the right, nor subject to the liabilities which arise out of it, are as much strangers to a proceeding to enforce the execution of it as they are to a proceeding to recover damages for the breach of it. And so is the admitted practice of this court."

But it is contended that the language in the opinion of Mr. Justice Bergen lastly above quoted, touching the want of par-

ties, indicates that the court of errors and appeals were of opinion that the parties referred to were proper parties. I do not read the opinion in this light. At most, as I see it, it was an illustration of why the decree in this court was erroneous, and in no sense was intended to indicate that the persons omitted were proper parties to this suit.

My conclusion is that the added parties, being strangers to the contract, were improperly brought into this suit.

With this elimination, the case presented is precisely the same as that dealt with in the court of errors and appeals; and thus the decree entered in this court on *remittitur,* in accordance with said opinion, is *res adjudicata.*

There is another feature of the case which seems to me should lead to a dismissal of the bill, namely, it prays that all the proceedings touching the sale for taxes and including the deed given by the mayor and aldermen of Jersey City be declared null and void, and that the subsequent deeds passed only a life estate; and the relief sought is that the defendants Sullivan convey a life estate only for a consideration based on the value of the life estate. In order to afford this relief, this court must inquire into the validity of these tax proceedings, and determine whether they are regular or irregular, and what estate, if any, passed by the deed from the city—a thing which is beyond the jurisdiction of this court. *Mackie* v. *Cain, 92 N. J. Eq. 631.*

The complainant, however, says that both parties concede the invalidity of the tax title, and that it is merely a collateral issue in the cause. This the defendants Sullivan deny, and in the ninth paragraph of their answer they say that

"thereupon the defendant James A. Sullivan caused such defects in title to be investigated by counsel, and he was afterwards advised by said counsel that the defendant Ella J. Sullivan was not seized of a good and marketable title to said lands, and was not seized thereof in fee-simple, and that these defendants could not safely convey the same by warranty deed, as provided in said agreement."

This answer plainly does not admit, as the complainant alleges, that the parties concede the invalidity of the tax title; but, on the contrary, shows merely a doubt in the minds of the

Sullivans as to whether they have a life estate or a fee; all of which calls for a determination by some court of competent jurisdiction as to the *quantum* of the estate possessed by the Sullivans; and, as above indicated, this court is without jurisdiction to determine this question.

I will advise a decree dismissing the bill.