The bill is to compel the conveyance of a half interest in the "San Marco's" mine in Cuatro Cienegas, Montclova, State of Coahuila, Mexico.
E. Balbach Son (Edward, Sr., and Edward, Jr.) were smelters in Newark. Henry M. Dieffenbach, a grandson of *Page 433 
the senior, was their representative in Mexico, from whence they obtained their ore and where they had a sampling plant. Dieffenbach traded for them in his own name; they furnished the capital. He bought a half interest in the mine and acquired the other half at a judicial sale some forty years ago. He sold a quarter share to the Great National Mexican Smelting Company (the Guggenheims). E. Balbach Son was dissolved by the death of the senior member, October 14th, 1890. Edward Balbach, Jr., and his sisters, Mrs. Dieffenbach and Mrs. Heyden, were the residuary devisees under the father's will. Edward Balbach, Jr., died in 1910 and by his will gave the residue of his estate to his widow for life, remainder to his daughter. They are the complainants. In 1911 Henry M. Dieffenbach, in reply to a letter of inquiry as to the title to the mine, wrote to Edward Randolph, one of the executors of Edward Balbach, Jr., that the interests were one-fourth in Guggenheim Sons, one-fourth in himself and one-half in the former firm of E. Balbach Son. He died in 1921 leaving his estate to his widow, the defendant. Title to three-quarter interest in the mine, of which her husband died seized, passed to her. One-quarter she holds in fee; one-half she concedes she holds in trust. In 1928 Mrs. Dieffenbach agreed to convey the one-half, held in trust to the complainants, reciting in the agreement that her husband held it in trust for Edward Balbach, Jr. She also executed a power of attorney authorizing a conveyance to them upon the title being duly manifested in her according to a then recent law of Mexico requiring alien owners to subject their land holding to governmental control as though they were citizens. In the power of attorney, which authorizes the attorney in fact to sell to the complainants a moiety in the mine for 8,000 pesos, it is recited that the defendant "acknowledges receipt of the purchase price of said sale which was already paid to the late husband of the principal." The defendant later revoked the power and refused to convey, giving as her reason for repudiating the agreement that she holds the one-half interest in the *Page 434 
mine upon a resulting trust in favor of E. Balbach Son, and to convey it to the complainants would breach the trust. The bill is to compel her to convey and to restore the power of attorney.
The complainants claim that Edward Balbach, Jr., paid Henry M. Dieffenbach 8,000 pesos for a one-half interest in the mine; that the latter held it upon express trust for their testator and that the defendant's agreement is in acknowledgment of their equitable ownership and consequently is an enforceable obligation. There is not a word of proof of the alleged payment by Edward Balbach, Jr., of the purchase price. The recital in the power of attorney to the effect that 8,000 pesos had been paid by him to Dieffenbach was either the invention or an inadvertence of the scrivener, and his notion of a sale was purely an expedient to carry the document. The scrivener says the data contained in the recital came to him from the defendant, but it is clear that she had not the information to give, for she knew nothing of the affair. That the recital is without basis in fact is proved by the established and uncontroverted circumstances attending the acquisition of the mine by Dieffenbach, in the early nineties. On February 25th, 1891, he purchased a half interest from one Owen for 5,000 pesos. On May 4th, 1892, he acquired the other half by judicial sale in execution of a judgment recovered by him against one Camprelle, the owner, for 7,774 pesos expended in working the mine for the account of the judgment debtor to October 31st, 1890. At that time and in that transaction Dieffenbach represented E. Balbach Son. The moneys laid out were the funds of the firm and the trust that resulted from the use of their money in obtaining the title finds expression in Dieffenbach's 1911 letter to Randolph, that he held a half interest to the use of E. Balbach Son. It is admitted that the defendant owns a one-quarter interest in the mine in her own right and that the Guggenheim concern own a quarter share, and allocating the other half to E. Balbach Son, as we must, exhausts the fractional ownerships to the exclusion of the complainant's claim. *Page 435 
The complainants urge that, regardless of the obvious, the defendant should be held to her agreement and compelled to perform it subject to the outstanding interest, citing Brisbane
v. Sullivan, 93 N.J. Eq. 578. That case did not involve a breach of trust nor the perpetration of a fraud upon latent interests. The agreement is not a contract of sale, but an undertaking to execute a trust falsely declared. The defendant was not unmindful that the recital therein, that her husband held the title to one-half the mine in trust for Edward Balbach, Jr., was untrue, nor were the complainants innocent of its lack of integrity, for they stipulated to indemnify the defendant and save her harmless from attack by other rightful claimants. Who? The defendant, over seventy, inexperienced and infirm, but anxious to be just, seeks excuse in an abiding confidence reposed in the complainants, her sister and niece (with the former of whom she had been living), that they would hold the title in conscience as well for themselves as for the other owners. And so they may have, had they been less sturdy in their conviction that the interest ought to belong to them, but be that as it may, the agreement, it is now made plain, is a breach of trust, and equity will not lend aid to its enforcement. 25 R.C.L. 244.
The complainants, however, have rights in the mine under the trust resulting to E. Balbach Son; and it being assumed, after forty years, that the partnership estate is settled, and that the partners or those who represent them hold as tenants in common, the complainants are entitled to have conveyed to them the partner share of Edward Balbach, Jr., and one-third of the share devised to him by Edward Balbach, Sr., and so it will be decreed. *Page 436